IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

KELVIN FRAZIER,

        Plaintiff,

v.                                      CIVIL ACTION NO. 2:23-cv-257

MARTIN O'MALLEY,
Commissioner of Social Security,

        Defendant.

### *MEMORANDUM OPINION AND ORDER*

Before the Court is Kelvin Frazier's ("Plaintiff") Motion for Attorney Fees and Costs, Plaintiff's Memorandum, and Affidavit in Support against Commissioner of Social Security, Martin O'Malley ("Commissioner"). ECF No. 15 ("Pl.'s Mot."); ECF No. 16. ("Pl.'s Aff."); ECF No. 17 ("Pl.'s Mem."). The Commissioner responded in opposition. ECF No. 19 ("Resp. Opp."). Plaintiff replied. ECF No. 20 ("Pl.'s Reply"). After reviewing the parties' filings, this matter is ripe for judicial determination. For the reasons below, Plaintiff's motion is **GRANTED** in part and **DENIED** in part.

### I. FACTUAL AND PROCEDURAL HISTORY

On June 9, 2023, Plaintiff filed a Complaint against the Commissioner under 42 U.S.C. § 405(g) to review a decision denying Plaintiff's application for Social Security disability benefits. ECF No. 1. On August 4, 2023, the Magistrate Judge ordered the parties to file a brief for the requested relief. ECF No. 5. On November 29, 2023, the Court entered a Judgment Order remanding the case to the Social Security Administration. ECF No. 11. On February 27, 2024, Plaintiff filed a Motion for Attorney Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, an Affidavit in Support the Motion, and a Memorandum in Support of the Motion.

### II. LEGAL STANDARD

Under the Equal Access to Justice Act ("EAJA"), a civil litigant who prevails against the United States is entitled to attorney's fees "unless the Court finds that the position of the United States

1

was substantially justified or special circumstances make the award unjust." 28 U.S.C. § 2412(d)(1)(A). The Government carries the burden to show that its position was substantially justified. *Crawford v. Sullivan*, 935 F.2d 655, 658 (4th Cir. 2011). The civil litigant's assets also cannot exceed $2 million, and the judgment must be final. 28 U.S.C. § 2412. Additionally, a fee award under the EAJA must be "reasonable." 28 U.S.C. § 2412(b).

"Reasonableness is the touchstone of any award of attorneys' fees and expenses." *SunTrust Mortg., Inc. v. AIG United Guar. Corp.*, 933 F. Supp. 2d 762, 769 (E.D. Va. 2013) (quoting *E.I. DuPont de Nemours & Co. v. Kolon Indus., Inc.*, 2013 WL 458532, at *2 (E.D. Va. Feb. 6, 2013)). The fee applicant bears the burden of demonstrating the reasonableness of its fee request, *Kenney v. A Touch of Patience Shared Hous., Inc.*, 779 F. Supp. 2d 516, 525 (E.D. Va. 2011), and "providing sufficient detail in [its] records to explain and support [its] requests for fees and costs." *Andrade v. Aerotek, Inc.*, 852 F. Supp. 2d 637, 645 (D. Md. 2012). Indeed, "the party who seeks payment must keep records in sufficient detail that a neutral judge can make a fair evaluation of the time expended, the nature and need for the service, and the reasonable fees to be allowed." *Hensley v. Eckerhart*, 461 U.S. 424, 441 (1983) (Burger, C.J., concurring).

To calculate an award for attorneys' fees, the Court must determine a "lodestar fee." *Brodziak v. Runyon*, 43 F.3d 194, 196 (4th Cir. 1998); *Grissom v. The Miller Corp.*, 549 F.3d 313, 320-21 (4th Cir. 2008). The Supreme Court has stated there is a "strong presumption" that the lodestar figure represents a reasonable attorney's fee, which may be overcome only "in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553–54 (2010).

The lodestar fee is calculated by multiplying the number of reasonable hours expended times a reasonable rate. *Id.* In determining the reasonable hours expended and a reasonable hourly rate, the Fourth Circuit held that the *Johnson* factors must be applied. *See Daly v. Hill*, 790 F.2d 1071, 1077 (4th Cir. 1986). These factors include:

2

> (1) the time and labor required;
> (2) the novelty and difficulty of the questions;
> (3) the skill requisite to properly perform the legal service;
> (4) the preclusion of other employment by the attorneys due to acceptance of the case;
> (5) the customary fee;
> (6) whether the fee is fixed or contingent;
> (7) time limitations imposed by the client or the circumstances;
> (8) the amount involved and the results obtained;
> (9) the experience, reputation, and ability of the attorneys;
> (10) the "undesirability" of the case;
> (11) the nature and length of the professional relationship with the client; and
> (12) awards in similar cases.

*Id.* at 1075 n.2 (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)); *see also Trimper v. City of Norfolk, Va.*, 846 F.Supp. 1295, 1303 (E.D.Va.1994), *aff'd*, 58 F.3d 68 (4th Cir.1995) ("there is no strict manner in which the factors are to be considered and applied.").

In addition, district courts "should exclude from [the] initial fee calculation hours that were not 'reasonably expended.'" *Hensley*, 461 U.S. at 434 (quoting S. Rep. No. 94-1011, at 6 (1976)). Further, "[h]ours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." *Id.* at 434 (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980)). The Fourth Circuit has held "[a] fee based upon reasonable rates and hours is presumed to be fully compensatory without producing a windfall." *Daly*, 790 F.2d at 1078.

### III. DISCUSSION

Plaintiff seeks $5,719.99 in attorneys' fees for 23 attorney hours and $128.00 for 1.6 paralegal hours and $402.00 in costs for filing this civil action, totaling $5,993.99. The Commissioner argues that while Plaintiff meets the threshold requirements of 28 U.S.C. § 2412(d)(1)(A) and the requested hourly rates are reasonable, Plaintiff's two billing categories are not adequately supported and are unreasonable. Resp. Opp. at 1. Plaintiff filed his reply arguing that the charges listed in this case are reasonable and should not be reduced. Pl.'s Reply at 1. As such, Plaintiff is seeking an additional $705.08 in attorneys' fees for 2.9 attorney hours for drafting the reply brief, raising the total request to

3

$6,425.07. Pl.'s Reply at 5. Since the parties agree that Plaintiff meets the threshold requirement of 28 U.S.C. § 2412(d)(1)(A), the Court will focus on the requested attorneys' fees amount to determine whether it is excessive.

### A. Reasonable Attorneys' Fees

A proper fee award is determined by first calculating a "lodestar fee." *Brodziak v. Runyon*, 43 F.3d 194, 196 (4th Cir. 1998). The Court assess the lodestar fee by multiplying the number of reasonable hours expended times a reasonable rate. *Id.* In determining reasonable attorneys' fees, the Court must also apply the twelve factors outlined in *Johnson*. *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 266 (4th Cir. 1978) (adopting the twelve-factor test used in *Johnson*). The Fourth Circuit notes that the "district court is under no obligation to go through the inquiry of those [*Johnson*] factors that do not fit." *In re A.H. Robins Co., Inc.*, 86 F.3d 364, 376 (4th Cir. 1996). Therefore, the Court will only address applicable *Johnson* factors.

#### i. Reasonableness of the Hourly Rates

The reasonable rate is "to be calculated according to the prevailing market rates in the relevant community." *Blum v. Stevenson*, 465 U.S. 886, 895 (1984). Any required special skill or experience is "reflected in the reasonableness of the hourly rates." *Id.* at 898. Aside from "the attorney's own affidavits, the fee applicant must produce satisfactory specific evidence of the 'prevailing market rates in the relevant community' for the type of work for which he seeks an award." *Grissom v. The Mills Corp.*, 549 F.3d 313, 323 (4th Cir. 2008) (quoting *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990)). The third, fifth, sixth, and ninth *Johnson* factors also concern the reasonable rate. These factors include the skill required, the customary fee, whether the fee is fixed or contingent, and the experience, reputation, and ability of the attorneys. *Daly*, 790 F.2d at 1075 n.2.

Plaintiff's counsel calculated the hourly rate for attorneys by applying a cost-of-living increase to the $125.00 per hour EAJA statutory fee, reaching an hourly rate of $243.13 and $80 for

4

paralegals in 2023. Pl.'s Aff. at 2. The Commissioner does not dispute the hourly fee rates claimed. *See generally* Resp. Opp. Thus, the Court finds the hourly rates reasonable.[1]

### ii. Reasonableness of Hours Expended

The Court must next determine the hours that were "reasonably expended." *See Hensley*, 461 U.S. at 434 (holding that initial fee calculation hours that are not reasonably expended should be excluded). Plaintiff provided time accounting sheets to assist the Court in evaluating the reasonableness of hours expended. *See* Pl.'s Aff. at Ex. B–D. Plaintiff's attorneys initially spent 23 hours on this matter. Pl.'s Aff. at 2. Plaintiff's attorney submits that they spent an additional 2.9 hours drafting the reply in this case. Pl.'s Reply at 5. In sum, Plaintiff's attorneys spent 25.9 hours on this matter.[2] The paralegals spent 1.6 hours on Plaintiff's matter. Pl.'s Aff. at 2. The attorneys' fee sheets detail in 6-minute increments the matters that each attorney and paralegal worked on behalf of Plaintiff's case. *See* Pl.'s Aff. at Ex. B–D; *see also* Pl.'s Reply at 7. The Commissioner objects to the amount of hours Plaintiff submitted, arguing that the two billing entries below are unreasonable and generic. Resp. Opp. at 4–5.

| 10/26/2023 | Begin review of certified administrative record, take notes, organize facts | 8.1 | Andrew Flemming, Esq. |
| 10/27/2023 | Finish review of CAR, drafting procedural history and facts | 8.3 | Andrew Flemming, Esq. |

Among the factors considered in determining a reasonable award are the amounts awarded in comparable cases, as well as the novelty or difficulty of the issues presented in the case. *See Barber*, 577 F.2d at 226 n. 28. "Unsuccessful claims that are distinct in all respects from the claims

---

[1] Usually, the Court requires counsel that requests attorney's fees to provide an affidavit from independent counsel regarding the reasonableness of the requested rate. However, since the Commissioner does not dispute the hourly rate, the Court will forgo the affidavit requirement in this case.

[2] The Court combined the initial 23 hours the attorneys spent with 2.9 hours the attorneys spent drafting the reply, totaling 25.9 hours total.

5

upon which the plaintiff has prevailed should be excluded in considering the amount of a reasonable fee." *Hyatt v. Barnhart*, 315 F.3d 239, 254 (4th Cir. 2002) (internal citations and quotations omitted). When a case does not involve novel or difficult questions of law, counsel should not be compensated for "extra time due to inexperience or lack of familiarity with the law and the particular factual patterns presented by Social Security cases." *DiGennaro v. Bowen*, 666 F.Supp. 426, 433 (E.D.N.Y.1987). Having reviewed the submitted billing records and time entries, the Court finds that the hours Plaintiff's counsel expended during this matter require a downward adjustment because the issues presented in the case are not novel or particularly difficult; however, it does include a substantial administrative record.

Here, even though the administrative record is substantial, given the lack of legal novelty in this case and the awards granted in numerous similar cases, Plaintiff's fee award for time spent reviewing the administrative record and drafting the procedural and factual section of the brief should be reduced from 8.3 hours to 6 hours.[3] Finally, the Supreme Court has found that "EAJA may provide compensation for *all* aspects of fee litigation," *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 162 (1990) (emphasis in original), this Court further awards 2.9 hours in reasonable attorneys' fees for subsequent briefing.

## B. Award Calculation

The Court finds that Plaintiff spent 23.6 hours on this matter.[4] The Court calculated the lodestar award by adding 23.6 hours expended by an hourly rate of $243.13 for attorney time and 1.6 hours expended by an hourly rate of $80 for paralegal time, totaling $5,865.87 in attorneys' fees, and $402.00 in costs.

---

[3] The difference between 8.3 hours and 6 hours is 2.3 hours. The Court will reduce the intial total amount of attorney time of 23 hours by 2.3 hours in the final calculation.

[4] Plaintiff spent 23 hours on this matter. The Court reduces 23 hours by 2.3 hours, which equals 20.7 hours. Plaintiff submitted 2.9 hours for subsequent briefing, which the Court did not reduce. In sum, the Court calculated 23.6 hours (20.7+2.9= 23.6) of attorney time.

6

## IV. CONCLUSION

For the reasons stated herein, Plaintiff's Motion for Attorneys' Fees is **GRANTED** in part and **DENIED** in part. ECF No. 15.

The request to approve $6,425.07,[5] in attorney's fees is **DENIED**. After review of the petition, the Court finds it appropriate to reduce the fee request. The Court hereby **APPROVES $5,865.87 in attorneys' fees** and **$402.00 in costs**.

The Court **DIRECTS** the Clerk to provide a copy of this Memorandum Opinion and Order to counsel and parties of record.

**IT IS SO ORDERED.**

Norfolk, Virginia
July 18, 2024

/s/
Raymond A. Jackson
United States District Judge

---

[5] This amount includes the initial amount requested and the amount for subsequent briefing. The Court added $5,719.99 plus $705.08, totaling $6,425.07.